# IN THE COURT OF APPEALS OF IOWA

No. 19-1535
Filed October 21, 2020

**RA'SHAUN DONTIER MCGEE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha J. Gronewald, Judge.

The applicant appeals the district court decision denying his application for postconviction relief. **AFFIRMED.**

Blake D. Lubinus (until withdrawal) of Lubinus & Merrill, P.L.C., Des Moines, and Jessica Maffitt of Benzoni Law Office, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Ra'Shaun McGee appeals the district court decision denying his application for postconviction relief. We find McGee has not met his burden to show he received ineffective assistance of counsel and he was not subjected to cruel and unusual punishment. We affirm the decision of the district court.

## I.    Background Facts & Proceedings

On September 22, 2014, McGee was charged with burglary in the first degree. He was sixteen years old at the time of the offense. He filed a motion to transfer the case to juvenile court but later withdrew the motion because he wanted to enter the Youthful Offender Program (YOP). In order to participate in the program, McGee was required to make a judicial confession that he committed the offense. The criminal case was continued while McGee participated in the YOP.

On March 4, 2015, McGee was charged with first-degree burglary, second-degree robbery, and eluding. Based on the new criminal charges, McGee was revoked from the YOP. McGee entered into a comprehensive plea agreement in which he pled guilty to second-degree burglary, first-degree burglary, and first-degree theft.[1] The charge of eluding was dismissed. Under the plea agreement, McGee would be sentenced to a term of imprisonment not to exceed forty-five years with no mandatory minimum.

During the plea proceedings, McGee testified he was aware of the maximum sentences for the charges, which were ten years, twenty-five years, and

---

[1] McGee pled guilty to second-degree burglary as a lesser-included offense of the September 2014 charge of first-degree burglary. He pled guilty to the March 2015 charge of first-degree burglary and an amended charge of first-degree theft.

ten years, and that he could be serving a total of forty-five years in prison. McGee was informed there was no mandatory minimum time he had to serve. The district court accepted McGee's guilty pleas.

At the sentencing hearing, the State asserted, "Our agreement . . . is that the defendant would be sentenced to a period of incarceration not to exceed [forty-five] years, that each one of these sentences would run consecutive to the other. There is no mandatory minimum." The defendant also "urge[d] the court to follow the proposed plea agreement of [forty-five] years as set forth by the State." The court stated, "[I]f that's the agreement you've agreed to, I'll enforce it."

McGee was sentenced to a term of imprisonment not to exceed ten years on the charge of second-degree burglary, twenty-five years on the charge of first-degree burglary, and ten years on the charge of first-degree theft, all to be served consecutively for a total of forty-five years. The court stated:

> These sentences are consecutive . . . for the following reasons: The separate and serious nature of the offenses, in order to carry out the plea agreement, and that the second case was committed while the defendant was under the supervision of the Department of Corrections for the Youthful Offender Program.

McGee was immediately eligible for parole. He did not appeal his convictions.

On September 7, 2016, McGee filed an application for postconviction relief. He claimed he received ineffective assistance because defense counsel told him he would receive concurrent sentences. He also stated he was informed he would only spend eighteen months in prison.[2] McGee stated he would not have pled guilty if he had fully understood his sentence.

---

[2] McGee made three requests for parole; each was denied by the Iowa Board of Parole.

At the postconviction hearing, one of McGee's defense counsel testified McGee was informed he would be receiving consecutive sentences and McGee was aware the sentence would be for a period of forty-five years. He said he told McGee a range of time he might be serving in prison, with eighteen months being the minimum. McGee's other defense counsel stated he did not give estimates of time that might be served in prison, but he might have told McGee that eighteen months was an average amount of time. In a deposition, McGee's mother, Michelle McGee, testified she was told McGee might serve between eighteen months to three years in prison. McGee's aunt, Regina Young,[3] stated she was told McGee would serve eighteen months to two years with good behavior. McGee testified he believed his sentence constituted cruel and unusual punishment due to his age. He noted he was sixteen when the first offense was committed and seventeen when the other offenses were committed.

The district court denied McGee's application for postconviction relief. The court found McGee was aware of the terms of the plea agreement at the time he pled guilty. The parties discussed on the record at the guilty plea hearing that the recommendations would be for a forty-five year prison term. Also, McGee was informed the sentences would be consecutive. As to the length of time McGee would serve in prison, the court stated,

> Even if [defense counsel] did give Applicant an estimation as to the duration of his sentence, such estimate would have surely been based on assumptions of Applicant's good behavior. As noted in the parole decisions, Applicant's behavior while in custody has been a contributing factor to his continued incarceration. This argument is without merit.

---

[3] Young was not McGee's biological aunt but was a close family friend who described herself as acting as McGee's aunt.

Furthermore, the court concluded the sentence did not constitute cruel and unusual punishment based solely on McGee's age at the time the offenses were committed. McGee appeals the district court's decision.

## II. Ineffective Assistance

McGee claims he received ineffective assistance because defense counsel did not adequately communicate with him. He asserts "[t]his communication breakdown led [him] to plead guilty . . . expecting one sentencing outcome while ultimately receiving a more onerous one." McGee states he relied on his attorney's statement that he would only spend eighteen months in prison in making the decision to plead guilty. He claims that if he knew "what his sentence actually meant, he would have gone to trial."

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020).

The record shows that under the plea agreement, McGee would be sentenced to a term of imprisonment not to exceed forty-five years with no mandatory minimum. McGee testified at the plea proceedings that he was aware of the maximum sentences for the charges, which he stated were ten years, twenty-five years, and ten years. Because he was aware he would be serving

forty-five years, his claim that he thought he would receive concurrent sentences is not supported by the record, as concurrent sentences would have resulted in a total of twenty-five years, not forty-five. McGee has not shown his attorneys gave him improper advice on whether he would receive concurrent rather than consecutive sentences.

On the issue of how much time he would spend in prison, one of his defense counsel stated he gave McGee a range of time, but could not recall what that range was. He denied telling McGee it would be only eighteen months. The other defense counsel stated he did not give estimates of time spent in prison. He tells some defendants the average is eighteen months, meaning it might be more or less than that amount of time. McGee's mother testified she heard McGee would spend eighteen months to three years in prison, depending on circumstances. Young stated McGee was advised he would spend eighteen months to two years in prison "if he had good behavior." The evidence does not support McGee's claim that he was told he would only spend eighteen months in prison. Furthermore, McGee recognized that when he is released from prison is determined by the parole board, not the court. McGee has not shown his defense attorneys improperly advised him on this issue.

Moreover, McGee has not shown he was prejudiced by counsel's performance. *See Straw*, 709 N.W.2d at 136 (noting that to show prejudice the applicant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (citation omitted)). By pleading guilty, McGee avoided a potentially longer prison sentence or a mandatory minimum sentence. It would have been difficult for him

to go to trial on the charge of second-degree burglary because he had given a detailed confession about the 2014 charge in order to get into the YOP. McGee's mother also stated he might not have wanted to go to trial because "some of the other kids involved, you know, they were saying that they would testify against him." Both defense counsel stated they negotiated the best plea deal they could for McGee. We conclude McGee has not shown that in the absence of counsel's advice he would have insisted on going to trial.

We determine McGee has not met his burden to show he received ineffective assistance of counsel.

### III.    Cruel and Unusual Punishment

McGee asserts his sentence constituted cruel and unusual punishment due to his age. He noted he was sixteen when the first offense was committed and seventeen when the other offenses were committed. He states that he faced a mandatory sentence of imprisonment for first-degree burglary, which is a forcible felony. *See* Iowa Code § 702.11(1) (2014). Under Iowa Code section 907.3, a court may not grant probation for a person convicted of a forcible felony. McGee argues that a mandatory prison sentence for a crime that occurred when he was a minor should be considered cruel and unusual. In doing so, he is making a categorical challenge, rather than a challenge based on gross disproportionality. *Cf. State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

"Both the United States Constitution and the Iowa Constitution prohibit cruel and unusual punishment." *State v. Propps*, 897 N.W.2d 91, 98 (Iowa 2017) (citing U.S. Const. amend. VIII; Iowa Const. art. I, § 17). A mandatory minimum sentence of imprisonment for juveniles is unconstitutional. *State v. Lyle*, 854 N.W.2d 378,

400 (Iowa 2014). Additionally, it is unconstitutional to sentence a juvenile to a mandatory prison sentence without the possibility of parole. *Id.* at 401.

As in this case, the defendant in *Propps* "argue[d] that Iowa's forcible felony sentencing provision is unconstitutional because it does not allow the sentencing judge the option of probation and therefore, mandates a prison sentence, however short, for juveniles." 897 N.W.2d at 100. The Iowa Supreme Court rejected Propps's argument, stating

> Completely eliminating the mandatory imposition of a prison term, even when the term is indeterminate and the individual is immediately eligible for parole, would not serve the proportionality concept we have addressed in our previous juvenile sentencing cases. In those cases, we sought to eliminate the mandatory nature of mandatory minimums and sentences that were the functional equivalent of life without parole because those sentences did not offer juveniles a "meaningful opportunity" to demonstrate their rehabilitation before the parole board. Our goal was not to excuse the behavior of juveniles, but rather to impose punishment in a way that was consistent with the lesser culpability and greater capacity for change of juvenile offenders.

*Id.* at 101 (citations omitted).

An indeterminate prison sentence that contains no mandatory minimum and permits a juvenile to be immediately eligible for parole does not constitute cruel and unusual punishment.[4] *Id.*; *accord State v. Harrison*, 914 N.W.2d 178, 190–91 (Iowa 2018). However, this does not mean a juvenile offender will be immediately released on parole. *See Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 771 (Iowa 2019).

---

[4] Additionally, an individualized sentencing hearing is not afforded "to juvenile defendants who are not subject to a mandatory minimum period of incarceration." *State v. Crooks*, 911 N.W.2d 153, 172 (Iowa 2018) (quoting *Propps*, 897 N.W.2d at 104).

We conclude McGee has not shown he was subjected to cruel and unusual punishment.

We affirm the decision of the district court.

**AFFIRMED.**